**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LAQUAN EUGENE JOHNSON,**

    Petitioner,

v.                                **CRIMINAL ACTION NO.: 3:14-CR-39
CIVIL ACTION NO.: 3:17-CV-51
(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on April 6, 2018. ECF No. 278.[1] Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny the Petitioner's § 2255 Petition and dismiss the same with prejudice. The Petitioner timely filed objections to the R&R on May 29, 2018. ECF No. 285. Accordingly, the Petitioner's § 2255 Petition is ripe for review.

### I. BACKGROUND

On May 1, 2017, Laquan Eugene Johnson ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255. ECF No. 247. In his petition, the Petitioner argued that the he received ineffective assistance from his counsel. The Petitioner offers three

---

[1] All Electronic Case Filing ("ECF") numbers herein refer to the underlying Criminal Action Number.

specific ways that his counsel was ineffective. After being directed to file a responsive pleading, the Government filed a Response in Opposition to the Petitioner's Petition. ECF No. 270. Petitioner filed a reply on January 18, 2018. ECF No. 277.

On April 06, 2018, Magistrate Judge Trumble entered an R&R. ECF No. 278. On April 30, 2018, the Petitioner filed a motion for an extension of time to object [ECF No. 280], which this Court granted. ECF No. 281. The Petitioner timely filed his objections on May 29, 2018. ECF No. 285.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. Further, the Petitioner neither objects nor disputes any of the facts presented in the R&R. Therefore, the facts presented in the R&R are adopted and incorporated herein; however, this Court will briefly outline the most relevant facts.

In April of 2015, the Petitioner was charged with various drug-related crimes in six counts of a superseding indictment. ECF No. 53. The Petitioner pled guilty to Count Four, Distribution of Heroin, on October 27, 2015. See ECF No. 152. As part of the Petitioner's plea agreement with the Government, he waived his right to appeal or collaterally attack his conviction and sentence of all grounds except for allegations of ineffective assistance of counsel or prosecutorial misconduct. See ECF No. 149. The Petitioner did not appeal his conviction to the Fourth Circuit Court of Appeals.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection." LR PL P 12.2.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to

preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that a petitioner demonstrate his counsel's performance was deficient and "fell below an objective standard of reasonableness." Id. at 688. The second prong requires that the attorney's deficient performance prejudiced his client's defense. Id. at 687. In order to satisfy this prejudice requirement, a petitioner must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

Further, courts must entertain a strong presumption that an attorney's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. There are no absolute rules by which courts must determine whether an attorney's performance was reasonable. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of

4

counsel's conduct). Accordingly, petitioners carry a heavy burden when challenging the effectiveness of their counsel's assistance.

## III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented little, if any, new material facts or arguments in his objections to the magistrate judge's R&R. Rather, the objections reiterate the same arguments the Petitioner previously made, which were considered by the magistrate judge when he issued the R&R. Specifically, these arguments can be found in the Petitioner's § 2255 petition, reply to the Government's response and document titled "Johnson Moves Under Section 2255, of Title 28 United States Code." See ECF Nos. 247, 248 & 277.

Although the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections that present new facts or arguments not already before the magistrate judge, it will nonetheless briefly address the Petitioner's objections.

The Petitioner takes issue with the Magistrate Judge's conclusion that Petitioner's counsel did not provide ineffective assistance. First, the Petitioner objects that "the Magistrate is plainly legally incorrect that Mathis does not apply to drug statutes." ECF No. 285 at 2. That was not Magistrate Trumble's finding. Rather, "[i]n Petitioner's case, it is not necessary to apply a Mathis analysis" because his "two prior convictions were properly considered as controlled substance offenses pursuant to the provisions of § 4B1.2(b) of the Sentencing Guidelines . . . ." ECF No. 278 at 12, 14 (emphasis added). Indeed, the R&R does not claim that Mathis does not apply to drug cases; Mathis is inapposite to *this* case.

Second, the Petitioner objects to the Magistrate Judge's finding that counsel was not ineffective for "failing to press a *coram nobis* in the State of Maryland prior to sentencing." ECF No. 285. Again, the Petitioner mischaracterizes the Magistrate Judge's findings in the R&R. Magistrate Judge Trumble was clear that the Petitioner's alleged grounds for *coram nobis* were premised on legal issues, but writs of *coram nobis* provide a narrow remedy to correct factual errors. Thus, taking the Petitioner's assertions as true, even if his attorney had attempted to file a writ of *coram nobis* on the Petitioner's enumerated grounds, it certainly would have failed. At the very least, his attorney's conduct in not pursuing a writ of *coram nobis* in Maryland cannot be said to have fallen below an objective standard of reasonableness.

Finally, the Petitioner "specifically objects to the Magistrate's finding that counsel was not ineffective in failing to argue that Supreme Court precedent did not allow the designation as a career offender. The Magistrate gives no more than lip-service to this claim." ECF No. 285 at 3. The Petitioner's third objection lacks the requisite specificity, supporting facts and legal authority to require any review whatsoever from this Court. Indeed, Magistrate Judge Trumble's R&R more than adequately examines this issue at great length.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble carefully considered the record and applied the appropriate legal analysis in his R&R, it is the opinion of this Court that the same [ECF No. 278] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

6

Thus, the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to enter judgment for the Respondent and this matter is **ORDERED STRICKEN** from the Court's active docket.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner by certified mail at his last known address as reflected upon the docket sheet.

**DATED:** August 27, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE